UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>Anthony Lester,<br><br>              Defendant. | No.  1:14-cr-00236 DAD BAM<br><br>ORDER DENYING DEFENDANT'S APPLICATION FOR ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) WITHOUT PREJUDICE |

    The above-titled action is before the court on defendant's application for issuance of subpoenas duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

    The indictment in this action charged the defendant in two counts with mail fraud in violation of 18 U.S.C. § 1341 and in five counts with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  The indictment alleges that as Controller, and later as Chief Financial Officer, for Century Builders the defendant had access to and control over financial accounts, including bank and credit cards, that were held by or issued to Highlands Diversified Inc. ("Highlands").  (Doc. No. 1 at 1-2.)  It is also alleged that defendant engaged in a scheme to defraud Highlands of approximately $277,000 by use of Highlands' Paypal and credit card accounts for defendant's own benefit and not for any legitimate business purpose.  (Id. at 2-3.)  Finally, the indictment alleges that when questioned by Highlands and Century Builders about the suspicious

1

transactions, the defendant attempted to create the false appearance that American Products, a fictitious company created by defendant, was a legitimate vendor with whom legitimate business had been conducted with by Highlands.  (Id. at 3-4.)  Defendant's jury trial is scheduled to commence on June 14, 2016.

Defendant's application seeks the issuance of subpoenas to Highlands requiring the pre-trial production of six categories of business records which he represents have not been received by his counsel in discovery provided by the government.  Specifically, defendant seeks the following:

> 1) Highlands' physical count adjustment report, for each month, from October 2010 through December 2011;
>
> 2) Highlands' inventory receipt reports from October 2010 through December 2011;
>
> 3) Highlands' physical count worksheet reports from October 2010 through December 2011;
>
> 4) Invoices from American Products to Highlands from October 2010 through December 2011;
>
> 5) Shipping labels for packages sent from American Products to Highlands;
>
> 6) Shipping labels for packages sent from Highlands to American Products.

According to defendant, the requested records will help him establish that the $277,000 allegedly stolen from Highlands was actually used to purchase business supplies and materials that were in fact received by Highlands and that American Products was a legitimate company to which Highlands returned business supplies and materials.[1]

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum.  United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Komisaruk, 885 F.2d 490, 495 (9th Cir. 1989).  A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases."  United

---

[1] Defendant represents that the government has produced "four labels from American Products to Highlands" (Doc. No. 28 at 3), but does not explain the significance of that discovery to his Rule 17(c) request.  None is apparent to the court, particularly in light of the allegations of the Indictment.  (Doc. No. 1 at 4, ¶15.)

States v. George, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting Nixon, 418 U.S. at 698)). See also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951).  Thus, there must be a substantial foundation for the movant's belief that the requested material exists and will be relevant and admissible. United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984).  In meeting the specificity requirement, the movant must request specific documents and not entire categories of files since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence." Reed, 726 F.2d at 577 (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)).[2]

       The court finds that the pending application is not sufficiently specific to meet the standard set forth above.  Defendant merely represents in conclusory fashion that "[t]he items requested are known to the defense to be available from the Custodian of Record for Highlands Diversified, Inc." (Doc. No. 28 at 5.)  He does not explain how or to what degree this is known.  Similarly, defense counsel in his supporting declaration states only on information and belief that the requested records are "available" and will provide "admissible exculpatory evidence." (Id. at 6.)  Again, counsel does not explain the basis for these general representations nor why he must rely upon information and belief as opposed to more direct knowledge.  Moreover, such unspecific representations regarding fairly broad categories of documents such as are sought by the pending application are insufficient to justify the issuance of the Rule 17(c) subpoena defendant seeks.  In this respect, the application may be a mere "fishing expedition" in the hopes of discovering useful information, the type clearly prohibited by the case law interpreting Rule 17(c). See Reed, 726 F.2d at 577 ("Appellants did not request specific documents, but sought entire arson investigation files.").

---

[2] It is also worth noting that, "[g]enerally the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." Nixon, 418 U.S. at 701. *See also United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) (same); *United States v. Wittig*, 247 F.R.D. 661, 664 (D. Kan. 2008) (defendant's claim that documents sought were of impeachment value insufficient since such materials were not properly obtainable through a Rule 17(c) subpoena); *But see United States v. Reyes*, 239 F.R.D. 591, 601 (N.D. Cal. 2006) (noting that where a defendant has made a showing or relevancy and specificity, under the decision in *Fields in camera* review of impeachment material by the district court for possible release if and when it becomes ripe for use as impeachment is appropriate).

For the reasons set forth above, defendant's application for the issuance of a Rule 17(c) subpoena is denied without prejudice to the filing of an application adequately addressing the court's concerns set forth above.

IT IS SO ORDERED.

Dated: **February 24, 2016**

_____
UNITED STATES DISTRICT JUDGE