Marc Days, CA Bar #184098
Days Law Firm
2300 Tulare Street, Suite 240
Fresno, California 93721
Telephone: (559) 708-4844

Attorney for Defendant,
ANTHONY LESTER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 14-cr-00236 DAD |
|---|---|
| Plaintiff, | DEFENDANT'S APPLICATION FOR SUBPOENA PURSUANT TO FED. R. CRIM P. 17(c), MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION |
| v. | |
| ANTHONY LESTER | Judge: Hon. Dale A. Drozd |
| Defendant. | |

Defendant, Anthony Lester, by his court-appointed attorney, Marc Days, hereby moves, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and the 5th and 6th Amendments of the Constitution for authorization to issue a subpoena to the Custodian of Records for Highlands Diversified, Inc. ("Highlands"), 5114 E. Clinton Way, Suite 111, Fresno, CA. 93727, for production of the following:

1) Highlands' physical count adjustment report, for each month, from October 2010 through December 2011;

**The defense requests the requested documents and items be produced to the Court's chambers no later than October 12, 2016.**

///

///

///

On November 6, 2014, Defendant was indicted and charged with counts 1 and 2, mail fraud in violation of 18 U.S.C. §1341, and counts 3 through 8, money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(i). The indictment alleges that between November 2010 and December 2011, defendant "transferred approximately $277,000 from the Highlands' Bank Account to the Highlands' PayPal Account. These transfers were not for legitimate business purposes or the purchase of legitimate business supplies." [Dkt 1 at ¶11]. On August 19, 2016, a jury found Defendant guilty on all counts.

At trial, the defense was that physical count adjustment reports recorded hand counted inventory, inventory received within the normal work order process, inventory received outside of the normal work order process, and the cost of each inventory item. The defense was based on Defendant's Exhibit B, a physical count adjustment report for inventory item DTW001 admitted at trial, and the testimony of Highlands' Purchasing Manager, Patricia Rodarte, regarding Exhibit B, specifically that the "COUNTED" column depicts the number of DTW001s physically counted, that the "ON-HAND" column depicts the number of DTW001s ordered through the normal purchasing order process, and that the "ADJUSTED" column depicts the number of DTW001s purchased outside the normal purchasing order process.

The defense argued the physical count adjustment reports would corroborate the defense and verify that approximately $277,000 in inventory was hand counted and purchased outside the normal purchasing process and that the government failed to meet its burden of proof at trial by failing to produce the physical count adjustment reports. The defense argued the physical count adjustment reports would show the inventory purchased outside the normal work order process and whether the value of the inventory was approximately $277,000.

The government argued Defendant stole money from Highlands from October 2010, through January 2012, and that the jury should reject the defense's arguments because the defense failed to produce physical count adjustment reports for the time period at issue. The government argued the jury should convict based on the defense's failure to produce physical count adjustment reports despite the defense filing a motion for disclosure of the requested items

and the Court denying Defendant's application, pursuant to Rule 17(c), for production of the items. [Dkt 21, 28, and 30].

The defense requests the court authorize, pursuant to Rule 17(c), a subpoena for production of "Highlands' physical count adjustment report, for each month, from October 2010 through December 2011." The records requested are relevant and admissible evidence because the records are probative of determining the loss amount at sentencing. The records requested will establish that the approximately $277,000 was spent on inventory, a legitimate business purpose, and the value of the inventory received by Highlands. The records requested are also relevant and admissible evidence probative of whether Defendant should be granted a new trial.

The request is also specific because it identifies the records with specificity, physical count adjustment reports, during the time period the government contends Mr. Lester stole funds. The items requested are known to the defense to be available from the Custodian of Records for Highlands Diversified, Inc.

Respectfully submitted,

Dated: September 12, 2016

/s/ Marc Days
MARC DAYS
Attorney for Defendant
ANTHONY LESTER

### MEMORANDUM OF POINTS AND AUTHORITIES

**A. THE LAW**

Rule 17(a) states, "the clerk must issue a blank subpoena – signed and sealed – to the party requesting it, and that party must fill in the blanks before the subpoena is served." Rule 17(b) states, "upon a defendant's ex parte application, the court must order that a subpoena be issued if a defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Rule 17(c) states a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. A

criminal defendant has a right to due process, compulsory process for obtaining witnesses, and the assistance of counsel under the 5th and 6th Amendments of the Constitution.

Much of Rule 17 concerns defendants who are unable to pay for their own subpoena expenses. Defendants who can pay their own way need not ask the Court for permission under Rule 17(b). Rule 17(c) cannot be interpreted to limit the subpoena rights of indigent defendants. Discrimination between rich and poor defendants is unconstitutional. *Griffin v. Illinois*, 351 U.S. 12 (1956); *Coppedge v. United States*, 369 U.S. 438 (1962); *Douglas v. California*, 372 U.S. 353 (1963).

Substantial prejudice, and an unfair advantage at trial, results from the prosecutor's use of confidential information pertaining to defense plans and strategy. *Williams v. Woodford*, 384 F.3d 567 (9th Cir. 2004). "It is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he . . . prepare his legal theories and plan his strategy without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947); see also *Ake v. Oklahoma*, 470 U.S. 68, 82-83 (1985) (an indigent defendant has a right to make an ex parte showing of relevance of expert testimony).

**B. ARGUMENT**

Rule 17(b) and (c) authorizes the Court to direct a witness to appear to testify and produce items. As set forth above in the application, the records requested are relevant and admissible at the sentencing hearing because they are probative of determining the loss amount at sentencing. The defense anticipates offering evidence at sentencing, through the physical count adjustment reports, that the approximately $277,000 was spent on inventory, a legitimate business purpose, and the value of the inventory received by Highlands.

The records requested are also relevant and admissible evidence probative of whether Defendant should be granted a new trial, given the government's argument during closing that the jury should reject the defense's arguments because the defense failed to produce physical count adjustment reports for the time period at issue. The government made its argument despite

knowing the defense requesting the physical count adjustment reports from the government and submitted a 17(c) application to the court that was denied.[1]

The request is also specific because it identifies the records with specificity, physical count adjustment reports during the time period the government contends Mr. Lester stole funds. The items requested are known to the defense to be available from the Custodian of Records for Highlands Diversified, Inc. This application is based on Federal Rule of Criminal Procedure, Rule 17, the Constitution, the foregoing application, this memorandum of points and authorities, the attached declaration of counsel, and such information and authority as may be produced in connection with consideration of this application.

Respectfully submitted,

Dated: September 12, 2016          /s/Marc Days
                                   MARC DAYS
                                   Counsel for Defendant
                                   ANTHONY LESTER

## DECLARATION OF MARC DAYS

I, Marc Days, declare as follows:

1. I am an attorney admitted to practice before this court and a CJA Panel Attorney appointed to represent Defendant Anthony Lester in the above entitled case. Defendant Anthony Lester is charged with violating 18 U.S.C. §§1341 and 1956(a)(1)(B)(i).

2. I am informed and believe there are items responsive to request #1, physical count

---

[1] The criteria for granting a new trial based on newly discovered evidence is: (1) the evidence relied upon must not be merely impeaching, (2) the evidence must be material to the issues involved in the previous trial, (3) the evidence must be such that a new trial will probably produce an acquittal, and (4) failure to learn of the evidence sooner was not due to a lack of diligence. *United States v. Walgren*, 885 F.2d 1417, 1428 (9th Cir. 1989).

adjustment reports, that are relevant and admissible at the sentencing hearing because they are probative of determining the loss amount at sentencing.

3. Attached to this declaration is Defendant's Exhibit B, a physical count adjustment report for inventory item DTW001, admitted at trial. Highlands' Purchasing Manager, Patricia Rodarte, testified regarding Exhibit B, specifically that the "COUNTED" column depicts the number of DTW001s physically counted, that the "ON-HAND" column depicts the number of DTW001s ordered through the normal purchasing order process, and that the "ADJUSTED" column depicts the number of DTW001s purchased outside the normal purchasing order process.[2]

4. The defense anticipates offering evidence at sentencing, through the physical count adjustment reports, that the approximately $277,000 was spent on inventory, a legitimate business purpose, and the value of the inventory received by Highlands. As discussed above, the records requested are also relevant and admissible evidence probative of whether Defendant should be granted a new trial.

5. I am informed and believe and thereon state that the records are known to the defense to be available from the Custodian of Records for Highlands Diversified, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of September, 2016, at Fresno, California.

/s/ Marc Days
MARC DAYS, Declarant
Attorney for Defendant
ANTHONY LESTER

---

[2] Defendant's Exhibit B, admitted at trial, is attached to the Declaration of Marc Days.

```
HDI dba HIGHLANDS ENERGY SERVICES                              Page    1
                    ** BATCH TRANSACTION DETAIL REPORT **      10/25/11
Physical Count Adjustments   Unposted Bat#: 004-969    User: Patti
```

| # | TRANSACTION DATE, DOCUMENT/DESCRIPTION | ACCT# | DISTRIBUTION ACCOUNT NAME | D/C | AMOUNT |
|---|---|---|---|---|---|
| 0001 | 10/25/11 102511 COUNT ADJUSTMENT - VISAL | 125 | Inventory LOC: 20 | D | 1854.00 |
|  |  | 542-4 | Cost of Contracts- Mat' | C | 1854.00 |

INVENTORY DETAIL:

| ITEM # | LOC | COUNTED | ON-HAND | ADJUSTED | UNIT | COST | AMOUNT |
|---|---|---|---|---|---|---|---|
| DTW001 | 20 | 417 | 211 | 206 | EA | 9.000 | 1854.00 |

```
                                              DEBITS:   1854.00
                                              CREDITS:  1854.00
                                       BATCH BALANCE:      0.00
```

** GENERAL LEDGER ACCOUNT SUMMARY **

| ACCT# | ACCOUNT NAME | DEBITS | CREDITS |
|---|---|---|---|
| 125 | INVENTORY | 1,854.00 |  |
| 542-4 | COST OF CONTRACTS- MAT'L-VISAL |  | 1,854.00 |
| TOTALS: |  | 1,854.00 | 1,854.00 |

DEFENDANT'S EXHIBIT
CASE 8·17·16
NO. 14cr236
EXHIBIT NO. 13