PHILLIP A. TALBERT
Acting United States Attorney
PATRICK R. DELAHUNTY
PATRICK J. SUTER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>ANTHONY LESTER,<br><br>       Defendant. | CASE NO.  1:14-CR-236 - DAD<br><br>GOVERNMENT'S MOTION TO QUASH DEFENDANT'S POST-TRIAL APPLICATION FOR RULE 17(C)(3) SUBPOENA<br><br>TRIAL DATE: August 16, 2016<br>TIME: 1 pm<br>COURT: Hon. Dale A. Drozd |

   The United States of America, by and through its attorneys, Phillip A. Talbert, Acting United States Attorney, and Patrick R. Delahunty and Patrick J. Suter, Assistant United States Attorneys, moves to quash defendant Anthony Lester's second application for a Rule 17(c)(3) subpoena seeking "Physical Count Adjustment Reports" from the victim in this case.

   **I.**   **BRIEF STATEMENT OF RELEVANT FACTS**

   The defendant sought these documents twice before.  First, he asked the government for them, and the government explained—in multiple meet and confer communications—that it had not withheld any documents produced to the government by the victim in this case, Highlands Energy.  *Compare* Rule 16(a)(1)(E) (government's obligation extends to documents within its possession).  Unsatisfied with that explanation, the defendant moved for the production of the documents.  ECF No. 21.  Once again, the government explained, this time in opposition, that it had not withheld any documents

produced by the victim in this case and that all such documents had been produced to the defendant.[1] ECF No. 21. Apparently satisfied with the same explanation he had received multiple times, the defendant sent an email to the Court and advised that he was satisfied the government was in compliance with its discovery obligations and a hearing set for the motion was vacated. *See* Attachment A (defendant's email to the Court).

Then, in February 2016, the defendant filed an application for a Rule 17(c)(3) subpoena similar to the one he now submits. ECF No. 28. Both sought "Physical Count Inventory Reports." *Compare* ECF No. 28 *with* ECF No. 70. The Court denied the first application without prejudice, holding that the defendant had not established, or given any non-conclusory basis to believe, that the Physical Count Inventory Reports existed. ECF No. 30. The defendant did not amend his application or submit a modified application that attempted to cure the problem prior to trial.

Instead, the defendant waited until after the trial to re-request the documents. His post-trial request had largely the same justification, but this time submitting what he describes as an example of a Physical Count Inventory Report, which he included in the application. *See* ECF 70 (citing Defense Exhibit B). Neither the first nor second request included an affidavit that otherwise described the sought-after report. Thus, the Court, and the government, is left to infer that Defense Exhibit B is an appropriate benchmark or exemplar.

In applying a second time for a subpoena, the defendant attempts to characterize the government's arguments at trial. He asserts that the government argued that the defendant had failed to meet its purported burden of proof. *See* ECF No. 70 at p.2 ("The government argued the jury should convict based on defense's failure to produce physical adjustment reports…."). Not so. The government argued that all of the evidence at trial confirmed the defendant's theft from his employer. This was corroborated by, amongst other testimony and evidence, the testimony of Ms. Rodarte, Mr. Pollastrini, Ms. Noll, and Mr. Murray. The government did not, and does not, assert that the defendant had any burden of proof or that it failed to meet an alleged burden of proof.

---

[1] At trial, the defendant argued at sidebar that documents referenced by Jean Noll, *i.e.,* spreadsheets detailing the defendant's income from his employer, had not been produced to him. The government explained that they were, as confirmed here by Attachment B.

GOV'T MOTION TO QUASH

The application was filed on September 13 and granted by order on September 14. The government was working on this motion when the Order appeared via ECF notification around 11 am on September 14. Notwithstanding entry of the Order, the government moves to quash or otherwise objects to the subpoena for the reasons stated herein.

## II.   ARGUMENT

### A.   Relevant Law

The government has standing to bring this request. "A party to a criminal case has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *U.S. v. Jenkins*, 895 F.Supp.1389, 1393 (D.Haw. 1995) (quotation marks omitted). In turn, the government has standing when its motion is "based upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility." *Id.* These standards may be applied to a Rule 17(c) subpoena filed post-trial. *United States v. Lin,* No. 1:12-CR-00012-1, 2012 WL 6026500, at *2 (D. N. Mar. I. Dec. 4, 2012). Here, standing is based upon the government's interest in preventing the defendant from harassing the victim, Highlands Energy. *See id.* (finding standing for similar basis).

Courts are split as to whether a Rule 17(c)(3) subpoena may be ordered after trial. *Compare*, *e.g., U.S. v. Winner,* 641 F.2d 825, 833 (10th Cir.1981) ("Although Rule 17 subpoenas are generally employed in advance of trial, we see no reason why their use should not be available for post-trial motions and sentencing.") *with U.S. v. Shrader*, No. CRIM. 1:09-0270, 2010 WL 4781625, at *2 (S.D.W. Va. Nov. 16, 2010) ("Second, Rule 17(c)(3) has no application under the circumstances. The Rule, as Courts have considered it, anticipates the production of information prior to trial, not sentencing."). For purposes of this motion to quash, and only purposes of this motion, the government does not assert the application is defective in this sense.

Rule 17(c)(3) does, however, require that the victim be given notice of the request before the application is granted. Fed. R. Crim. Proc. 17(c)(3) ("Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash….").

Finally, even if procedurally proper, a Rule 17(c) application must meet four criteria. *E.g.,*

GOV'T MOTION TO QUASH

1  *v. Nixon*, 418 U.S. 683, 699 (1974).  First, the items sought must be evidentiary and relevant. *Id*.
2  Second, the items may not be otherwise procurable through due diligence prior to trial.  *Id*.  Third, the
3  requesting party must be unable to properly prepare for trial without such pre-trial production and
4  inspection.  *Id*.  And, finally, the application must be made in good faith and not amount to a "fishing
5  expedition."  *Id*.

### B. The Defendant Failed to Provide Notice to the Victim Before Seeking the Subpoena

Rule 17(c)(E) requires the movant to give notice to the victim before seeking an application. Here, defendant does not provide any indication that notice has been given.  The subpoena should be quashed on this basis alone.

### C. The Defendant Has, and Has Had for a Long Time, the Information He Seeks Again

For the first time, the defendant has provided some clarity as to what the Physical Count Adjustment Reports are.  For example, he asserts "[t]he defense was based on Defendant's Exhibit B, a physical count adjustment report…."  ECF No. 70 at p. 2.  According to defendant, Exhibit B is a physical count adjustment report.

Defendant's second request for the Physical Count Adjustment Reports confirms he already has what he seeks.  Specifically, Exhibit B reflects information that was already produced, albeit in a different format.  For example, Exhibit B shows an "Unposted Bat#", date, dollar amount, that a physical count adjustment was made regarding the Visalia warehouse, and the amount of the adjustment. *See* ECF No. 70 at p. 7.

All of this information has been in the defendant's possession since at least December 2014.  For example, the government produced a copy of Highland's Energy's General Ledger for the time period of July 2010 to June 2012.  This document reflects the principal information contained in Defense Exhibit B, specifically: a physical count adjustment was made, the dollar amount resulting from the adjustment, the date of the adjustment, the warehouse associated with the adjustment, and transaction number of the adjustment. *See* Attachment C (excerpts from General Ledger, which is a 199 page document) at p. 163 (page 23 of 26 in the attachment).  There are other similar entries in the General Ledger that was produced to defendant.  *See id.* (each page reflecting one or more physical count adjustments).

The information the defendant seeks has been in the defendant's possession since December

2014.  As a result, an application for a Rule 17(c)(3) subpoena seeking it fails the second prong of the *Nixon* test: the request must seek materials not otherwise procurable reasonably in advance of trial be exercise of due diligence.

### D.     The Defendant Could Have Obtained the Information He Now Seeks with Due Diligence Prior to Trial

The defendant's first request for these documents was denied because it provided no basis to believe that the Physical Count Adjustment Reports exist.  ECF No. 30.  The request was "denied without prejudice to the filing of an application adequately addressing the court's concerns [in the order]."  *Id*.  The defendant did not make an effort to "adequately address[]" the court's concerns until after trial, attempting to cure the lack of specificity about the sought-after Physical Count Adjustment Reports by attaching Defense [Trial] Exhibit B to his application and offering an explanation of it.

A copy of Defense Exhibit B has been in the defendant's possession since 2014, however.  It was produced in the first production of discovery materials at Bates No. 000223 in December 2014.  Attachment D.  Thus, the defendant could have made the same showing he makes in his current application at any point in time since December 2014.  As a result, through due diligence he could have obtained these materials prior to trial.

### III.     CONCLUSION

The government respectfully requests that the defendant's subpoena be quashed.  It seeks documents and information that the defendant had, or could have obtained, prior to trial, and it is procedurally defective because no notice of the subpoena was given to the victim before the application was filed.

Dated:  September 15, 2016

PHILLIP A. TALBERT
Acting United States Attorney

By:  /s/ Patrick R. Delahunty
Patrick R. Delahunty
Assistant United States Attorney

GOV'T MOTION TO QUASH