UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:14-cr-00236-DAD-BAM-1 |
|---|---|
| Plaintiff, | ORDER DENYING GOVERNMENT'S MOTION TO QUASH |
| v. | (Doc. No. 73) |
| ANTHONY LESTER, | |
| Defendant. | |

On September 13, 2016, defendant Anthony Lester filed a post-trial application for a Federal Rule of Criminal Procedure 17(c)(3) subpoena seeking business records from Highlands Diversified, Inc. ("Highlands"), the victim in the case.[1]  (Doc. No. 71.)  The court approved the application on September 14, 2016.  (Doc. No. 72.)  On September 15, 2016, the government filed the currently pending motion to quash the subpoena.  (Doc. No. 73.)  For the reasons discussed below, the court denies the government's motion.

**I.     Background**

On August 19, 2016, defendant was found guilty of multiple counts of mail fraud and money laundering.  (Doc. No. 64.)  Prior to trial, defendant had filed an application for a Rule 17(c) subpoena seeking a number of documents—including an inventory list, referred to as a

---

[1] All references to rules will be to the Federal Rules of Criminal Procedure unless otherwise noted.

1

"physical count adjustment report"—from Highlands.  (Doc. No. 28.)  The court subsequently denied defendant's application, noting the application was "not sufficiently specific to meet the standard set forth [in *United States v. Reed*]."  (Doc. No. 30 (citing *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984)).  After his conviction, defendant filed a new Rule 17(c) application, once again requesting the physical count adjustment report from Highlands.  (Doc. No. 70.)  Finding the new application at least arguably cured the previously noted deficiencies, the court granted it on September 14, 2016.  (Doc. No. 72.)  The next day, the government filed the currently pending motion to quash.  (Doc. No. 73.)  In it, the government puts forth two arguments: (1) defendant failed to provide adequate notice as required by Rule 17(c)(3), and (2) defendant's application does not satisfy the four-prong standard put forth in *U.S. v. Nixon*, 418 U.S. 683 (1974).  However, as discussed below, the court need not address either of these arguments because the court finds the government lacks standing to challenge the subpoena.

## II. Legal Standard

Under Rule 17(c), a party may move the court for a subpoena ordering a witness "to produce any books, papers, documents, data, or other objects . . . ."  Fed. R. Crim. P. 17(c)(1).  The production of documents pursuant to a Rule 17(c) subpoena is appropriate only when: (1) the documents sought are evidentiary and relevant; (2) the party seeking them could not otherwise obtain them reasonably in advance of trial through the exercise of due diligence; (3) the party would be unable to properly prepare for trial in the absence of the documents, and failure to produce them in advance might unreasonably delay a trial; and (4) the party is making the application in good faith, and not as part of a "fishing expedition."  *Nixon*, 418 U.S. at 699.  The burden is on the moving party to make the requisite showing.  *Id.*  "Although Rule 17 subpoenas are generally employed in advance of trial, [there is] no reason why their use should not be available for post-trial motions and sentencing."  *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981).

"Rule 17 also allows a court, in response to a promptly filed motion, to 'quash or modify the subpoena if compliance would be unreasonable or oppressive.'"  *United States v. Johnson*, No. 14-cr-00412-TEH, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014).  However, the party

2

moving to quash the subpoena must have standing and is burdened with establishing such. *United States v. Tomlinson*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)). Generally, "[a] party only has standing to move to quash the subpoena to another when the subpoena infringes upon the movant's legitimate interests." *Id*.

### III. Analysis

Here, the court finds the government has not demonstrated it has standing to move to quash the subpoena. Generally, "[t]he government has standing when [a motion to quash] is 'based upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on the witness's credibility.'" *United States v. Lin*, No. 1:12-cr-00012-1, 2012 WL 6026500, at *2 (D. N. Mar. I. Dec. 4, 2012) (quoting *U.S. v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995)). Though the government claims in its motion that it has an "interest in preventing the defendant from harassing the victim," it fails to elaborate on how the subpoena amounts to undue harassment. (Doc. No. 73 at 3.) While the production of documents may impose a burden on Highlands, the court does not find that this amounts to undue harassment, especially in light of defendant's post-conviction right to "offer evidence in support of factors that might warrant a reduced sentence." *Lin*, 2012 WL 6026500, at *2 (quoting *United States v. Guerra*, 888 F.2d 247, 251 (2d Cir. 1989); *see also United States v. Giampa*, No. S 92 Cr. 437 (PKL), 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992) (finding government had interest in preventing undue harassment when subpoenaed witnesses were in the Witness Protection Program).

Furthermore, though it need not reach the issue due to the government's lack of standing, the court takes the opportunity to comment on the government's argument that the defendant failed to provide proper notice to Highlands. Rule 17(c)(3) states:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or

otherwise object.

Fed. R. Crim. P. 17(c)(3). This requirement is inapplicable to the circumstances at hand. The requirement—which was added during the 2008 amendment of Rule 17—is designed to make the victim aware of the issuance of a subpoena *to a third party* so that the victim has a fair opportunity to protect its rights. Fed. R. Crim. P. 17(c)(3) advisory committee's notes (2008 amendment). Here, the subpoena is being served directly on the victim, negating the need for notice. Finally, the court notes that Highlands, which would have standing to move to quash the subpoena, has not done so as of yet.

### IV. Conclusion

For the above stated reasons, the court denies the government's motion to quash.

IT IS SO ORDERED.

Dated:   **September 17, 2016**

_____
UNITED STATES DISTRICT JUDGE