1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No. 1:14-cr-00236 DAD BAM

12              Plaintiff,                     ORDER SETTING FURTHER HEARING RE
                                               FORFEITURE ORDER AND JUDGMENT
13         v.

14    ANTHONY LESTER,

15              Defendant.

16

17         Defendant Anthony Lester was charged by way of indictment in this action with two

18    counts of mail fraud (18 U.S.C § 1341) and five counts of money laundering (18 U.S.C. §

19    1956(a)(1)(B)(i)).  The indictment also contained a criminal forfeiture allegation specifically

20    seeking, pursuant to 18 U.S.C. §§ 492, 981(a)(1)(C), 982(a)(1) and (a)(2)(B) and 28 U.S.C. §

21    2461(c), forfeiture "to the United States any property, real or personal, which constitutes or is

22    derived from proceeds of the conduct, scheme, or conspiracy, alleged in this Indictment, or any

23    property traceable to such property."  (Doc. No. 1 at 6.)

24         The matter proceeded to trial before a jury commencing on August 16, 2016 and

25    concluding August 19, 2016, at which time the jury returned guilty verdicts on all counts.  On

26    October 25, 2016, the court entered an Order For Forfeiture Money Judgment, submitted by the

27    government, imposing a personal money judgment against defendant and ordering him to forfeit

28    to the United States the sum of $306,319.88.  (Doc. No. 88.)  That order of forfeiture, by its

                                               1

1   terms, became final as to the defendant at the time of sentencing and was to be made "part of the

2   sentence and included in the judgment." (Id. at 2.)

3         On November 14, 2016, a hearing was held on defendant's motions for post-trial

4   discovery and for a new trial.  After those motions were denied, a sentencing hearing was held at

5   which time defendant was sentenced to a term of imprisonment of sixty-four months on each

6   count with those sentences to be served concurrently, a three year term of supervised release

7   following imprisonment on each count to be served concurrently, a mandatory special assessment

8   of $100 on each count of conviction for a total of $700 and defendant was ordered to pay

9   restitution to the victim of his scheme to defraud, which was the subject of the two mail fraud

10  counts, in the amount of $306,319.88.

11        At the conclusion of the sentencing hearing, the government requested that the forfeiture

12  order be entered as part of the judgment.  The defense noted that it had filed objections to the

13  government's request for forfeiture in the amount of $306,319.88. (See Doc. No. 90 at 11-12.)

14  The court indicated that it would review the papers filed with respect to the issue of criminal

15  forfeiture and advise the parties of its intention as to that issue by way of order.  The court has

16  now reviewed the docket and the submissions of the parties and has determined that a further

17  hearing is required to address the order of criminal forfeiture and its inclusion in the judgment in

18  this case.

19        Rule 32.2 of the Federal Rules of Criminal Procedure requires that the indictment

20  provide the defendant notice that the government will seek criminal forfeiture.  However, in this

21  case none of the statutory basis cited in the forfeiture allegation of the indictment (18 U.S.C. §§

22  492, 981(a)(1)(C), 982(a)(1) and (a)(2)(B) and 28 U.S.C. § 2461(c)) appear to provide for the

23  forfeiture of the proceeds of the scheme to defraud alleged in the mail fraud counts of the

24  indictment.[1]  If that is the case, defendant's objection to the amount the government has sought

25     [1]  Specifically, the forfeiture allegation of the indictment did not include any reference to 18

26  U.S.C. § 981(a)(1)(D)(iv).  The government states merely that mail fraud is a specified unlawful
    activity, citing 18 U.S.C. §§ 1956(c)(7), 1961(1) without any explanation.  (Doc. No. 93 at 5.)

27  Based upon the court's initial review, the latter statutory provision is irrelevant to this inquiry and
    the court cannot find any reference in the former to mail fraud.  Perhaps the court is overlooking

28  that reference.  In any event, further explanation by the government in support of what it seeks is

1  that he be ordered to pay as part of a criminal forfeiture order and judgment may be well taken.

2  However, defendant's objection to an order of forfeiture and criminal money judgment as

3  an excessive fine in violation of the Eighth Amendment is rejected.  First, courts must order

4  forfeiture where a defendant is convicted of crimes providing for forfeiture as part of the penalty.

5  *United States v. Monsanto*, 491 U.S. 600, 607 (1989) (by using the words "shall order" in a

6  forfeiture statute, "Congress could not have chosen stronger words to express its intent that

7  forfeiture be mandatory in cases where the statute applied"); *United States v. Carter*, 742 F.3d

8  440, 446 (2014).  Moreover, in light of the seriousness of the offenses of conviction and the fact

9  that both of the mail fraud counts carry a maximum fine of $250,000 and each of the five money

10  laundering counts carry a maximum fine of $500,000, even the forfeiture amount sought by the

11  government - $306,319.88 – cannot be said to be excessive in this case.  *See United States v.*

12  *Beecroft*, 825 F.3d 991, 1000-01 (9th Cir. 2016).[2]

13  Accordingly, this matter is now calendared on November 21, 2016, at 10:00 a.m. before

14  the undersigned for further hearing with respect to the order and judgment of criminal forfeiture

15  in this action.

16  IT IS SO ORDERED.

17  Dated:   **November 17, 2016**

18  UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25  required.

26  
27  [2] Although not argued by defendant as a basis for his objection, as the government points out, the
fact that he has been ordered to pay restitution to the victim of his crimes does not bar an order of
forfeiture – even one in the same amount as the amount of restitution ordered.  *See United States*
28  *v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011).

3