| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY LESTER,<br><br>Defendant. | No. 1:14-cr-00236-DAD-bam<br><br>ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES AND PERMITTING DISCOVERY<br><br>(Doc. No. 132) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On August 12, 2019, defendant Anthony Lester filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (Doc. No. 129.) The court screened the motion and set a briefing schedule on August 20, 2019, requiring the government to file and serve a response to the pending § 2255 motion within 45 days of service of the briefing schedule. (Doc. No. 130.)

On September 30, 2019, the government moved for an order: 1) finding a partial waiver of by defendant of his attorney-client and work product privileges; and 2) permitting discovery of information relating to defendant's § 2255 motion, in which he asserts various claims of ineffective assistance of counsel relating to the representation provided to him by his former attorney, Marc Days. (Doc. No. 132.) According to the government, defendant effectively waived his attorney-client and work product privileges with respect to his former attorney when he filed his § 2255 motion claiming ineffective assistance of counsel. (*Id.* at 1.) The government

1

has also requested an extension to December 3, 2019 of its deadline to respond to defendant's § 2255 motion. (*Id.*)

On October 15, 2019, defendant filed his opposition to the government's motion for an extension, arguing that the government should be granted only a 30-day extension to respond to his § 2255 motion. (Doc. No. 135.) Defendant, however, effectively consented to a finding that he had waived of his attorney-client and work product privileges, acknowledging that waiver of those privileges as to attorney Days is necessarily a component of his ineffective assistance of counsel claims. (*Id.*) He also requested that the court grant attorney Days 14 days to comply with the government's discovery request. (*Id.*)

Although received on October 15, 2019 by the Clerk of Court, defendant's opposition was not entered on the court's docket until October 17, 2019, the same day the court issued an order granting the government's request for an extension and setting deadlines for the parties to respond to the government's September 30, 2019 motion for an order finding a partial waiver of attorney-client and work product privileges. (Doc. No. 134.) Following the issuance of that order the government did not filed a reply to defendant's opposition and the time in which to do so has now passed. Notably, however, the government has failed to provide authority supporting its request for an order requiring attorney Days to provide anything to the government at this time.

Accordingly:

1. The government's motion for an order finding a partial wavier of defendant's attorney-client and work product privileges (Doc. No. 132) is granted;
    a. Defendant's attorney-client privilege with his former attorney Marc Days is waived as to any communications that relate to defendant's claims of ineffective assistance of counsel set forth in his § 2255 motion (Doc. No. 129) now pending before the court;
    b. The work-product privilege is waived as to any work product by attorney Days that relates to defendant's claims of ineffective assistance of counsel;

/////

/////

2. The court declines to issue an order requiring attorney Days to produce materials or a declaration to the government at this time;[1]
3. Pursuant to the decision in *Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003), any information obtained by the government from attorney Days, by way of informal or formal discovery, is subject to a protective order precluding the government from using such materials for any purpose other than litigating movant's § 2255 motion and from disclosing the materials to any other persons, excluding other representatives of the United States Attorney's Office and law enforcement agencies assisting in the government's response to the § 2255 motion; and
4. The court's granting of an extension of time to December 3, 2019, for the government's filing of a response to defendant's § 2255 motion is reaffirmed.

IT IS SO ORDERED.

Dated: **November 5, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[1] Absent citation to authority to the contrary, the court will leave to attorney Days the decision of whether to provide the materials sought by the government pursuant to an informal discovery request.

3