UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY LESTER,<br><br>  Defendant. | No. 1:14-cr-00236-DAD-BAM-1<br><br>ORDER DENYING BAIL PENDING CONSIDERATION OF MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255 |

Defendant Anthony Lester has filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (Doc. No. 129.) Therein, movant challenges his convictions, entered following a jury trial, for mail fraud and money laundering based upon what he alleges is newly discovered evidence in support of his continuing claim[1] of destruction of exculpatory evidence and due to alleged ineffective assistance by his trial counsel. (*Id*.) The government has opposed the § 2255 motion (Doc. No. 140) and movant's reply is currently due to be filed on or before February 25, 2020. (Doc. No. 143.)

In the meantime, movant has requested that this court order his release on bail pending consideration of his § 2255 motion. (Doc. No. 137.) Movant argues that he poses neither a flight

---

[1] Movant has pressed this claim at his trial, in post-trial proceedings and on appeal from his convictions without success.

1

risk or a danger if released, that he has presented non-frivolous issues that could result in his convictions being vacated and that due to the condition of a family member, his presence is required at home. (*Id.*) The government has opposed the motion for bail. (Doc. No. 138.)

With respect to the availability of release on bail pending the court's consideration of a motion for relief brought pursuant to § 2255, the Ninth Circuit has observed as follows:

> We have not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition, and we need not resolve that question today. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (*per curiam*). If district courts have that authority, we have indicated that it is reserved for "extraordinary cases involving special circumstances or a high probability of success." *Land [v. Deeds)*, 878 F.2d [318,] 318 [(9th Cir. 1989)]; *see Roe*, 257 F.3d at 1080. McCandless has not shown either a high probability of success on the merits of his habeas petition or special circumstances that would warrant his release on bail.

*United States v. McCandless,* 841 F.3d 819, 822 (9th Cir. 2016); *see also United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) ("In the habeas context, this court has reserved bail for 'extraordinary cases involving special circumstances or a high probability of success.'"). Here, movant has failed to make the required showings of a high probability of success on his pending motion[2] and/or the existence of special circumstances justifying release on bail during the pendency of these § 2255 proceedings.

For the reasons set forth above, movant's motion for release on bail pending the court's consideration of his request for relief pursuant to 28 U.S.C. § 2255 (Doc. No. 129.) is hereby denied.

IT IS SO ORDERED.

Dated: __**February 3, 2020**__

_____
UNITED STATES DISTRICT JUDGE

---

[2] This is especially the case here, where the Ninth Circuit has already rejected on direct appeal the movant's argument that exculpatory evidence was destroyed and not admitted at his trial. See *United States v. Lester*, 769 Fed. Appx.508, 509 (9th Cir. 2019).

2