UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:14-cr-00236-DAD-BAM |
| Plaintiff-Respondent, | |
| v. | ORDER DECLINING TO GRANT CERTIFICATE OF APPEALABILITY |
| ANTHONY LESTER, | |
| Defendant-Petitioner. | |

On January 5, 2023, this court denied defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 150.) On March 3, 2023, defendant filed a notice of appeal. (Doc. No. 152.) On April 26, 2023, the United States Court of Appeals for the Ninth Circuit issued an order remanding the case to the district court for the limited purpose of granting or denying a certificate of appealability. (Doc. No. 154.)

An appeal may not be taken from the final order in a proceeding under § 2255 absent the issuance of a certificate of appealability. 28 U.S.C. § 2253(c); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). District courts are to process notices of appeals from final orders in the same manner for both § 2254 and § 2255 proceedings, including issuing or declining to issue a certificate of appealability. *Asrar*, 116 F.3d at 1270. A certificate of appealability is to be granted "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.

28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1] For claims denied on procedural grounds, meanwhile, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, petitioner's § 2255 petition was denied on the merits as to all of his claims, which were based on the alleged ineffective assistance of his trial counsel, because petitioner had "demonstrated neither ineffective assistance by his trial counsel, nor prejudice as to these claims and ha[d] failed to satisfy the two-pronged ineffective assistance of counsel test set out in *Strickland*." (Doc. No. 150 at 11–20.) The undersigned concludes that jurists of reason would not find this court's assessment of petitioner's constitutional claims debatable or wrong. Accordingly, a certificate of appealability will not be issued.

The Clerk of the Court is directed to forward this order, along with the record in this case, to the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **May 17, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] While *Slack* concerned when certificates of appealability should issue in connection with proceedings under 28 U.S.C. § 2254, the Supreme Court has indicated the same standard applies to § 2255 proceedings. *See Welch v. United States*, 578 U.S. 120, 126–27 (2016).